UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PAUL JOSEPH W.,<br><br>      Plaintiff,<br><br> v.<br><br>ANDREW M. SAUL,<br>COMMISSIONER OF SOCIAL<br>SECURITY,[1]<br><br>      Defendant. | NO: 2:19-CV-1-FVS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 10 and 15. This matter was submitted for consideration

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Accordingly, the Court substitutes Andrew M. Saul as the Defendant and directs the Clerk to update the docket sheet. *See* Fed. R. Civ. P. 25(d).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

without oral argument. The Plaintiff is represented by Attorney Rosemary B. Schurman. The Defendant is represented by Special Assistant United States Attorney Thomas M. Elsberry. The Court has reviewed the administrative record, the parties' completed briefing, and is fully informed. For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion for Summary Judgment, ECF No. 10, and **DENIES** Defendant's Motion for Summary Judgment, ECF No. 15.

## JURISDICTION

Plaintiff Paul Joseph W.[2] filed for supplemental security income and disability insurance benefits on March 16, 2016, alleging an onset date of October 12, 2014. Tr. 262-69. Benefits were denied initially, Tr. 188-91, and upon reconsideration, Tr. 197-208. A hearing before an administrative law judge ("ALJ") was conducted on November 15, 2017. Tr. 100-25. Plaintiff was represented by counsel and testified at both hearings. *Id*. The ALJ denied benefits, Tr. 23-44, and the Appeals Council denied review. Tr. 1. The matter is now before this court pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

/ / /

/ / /

---

[2] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 52 years old at the time of the hearing. Tr. 104. He graduated from high school and has a "couple years" of college education. Tr. 104. Plaintiff has a long one-employer history as a "store systems integrator" for Whole Foods. Tr. 117, 121. Plaintiff testified that he stopped working because his "job skills started to deteriorate," but he would like to work if someone offered him a job he was "able to do." Tr. 106-08.

Plaintiff testified that he had a major mental breakdown and was hospitalized for being suicidal, after which "things really haven't been the same." Tr. 118. He reported that his mood is not consistent, and he has "really good days," "really bad days," and "really scary days." Tr. 107. On bad days he cannot get out of bed, so he only goes outside on "good days.' Tr. 116-17. He testified that in a recent attempt to work at an inventory job for a month and a half, he was nervous, "frantic," and unable to keep pace with fellow employees. Tr. 114-15.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported

by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to

engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c),

416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6

If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since October 12, 2014, the alleged onset date. Tr. 28. At step

two, the ALJ found that Plaintiff has the following severe impairments: depressive disorder; anxiety disorder; and history of myocardial infarction. Tr. 28. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 31. The ALJ then found that Plaintiff has the RFC

> to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c), with no climbing of ladders and scaffolds and only occasional climbing of ramps and stairs. He should avoid all exposure to unprotected heights. He is limited to simple, routine tasks in a low stress environment (defined as occasional job related decision making and only occasional changes in the work setting). There should be no fast-paced production requirements. He is capable of occasional and superficial interaction with the public.

Tr. 32. At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. Tr. 37. At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including: housekeeper cleaner, industrial cleaner, and cafeteria attendant. Tr. 37-38. On that basis, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from October 12, 2014, through the date of the decision. Tr. 38.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him disability insurance benefits under Title II of the Social Security Act and

supplemental security income benefits under Title XVI of the Social Security Act. ECF No. 10. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly considered the medical opinion evidence; and

2. Whether the ALJ properly considered lay witness evidence.

## DISCUSSION

**A. Medical Opinions**

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201–02 (9th Cir. 2001) (citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's. *Id.* If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005). Conversely, "[i]f a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)). "However, the ALJ need not accept the opinion of any physician, including a

treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1228 (9th Cir. 2009) (quotation and citation omitted).

The opinion of an acceptable medical source such as a physician or psychologist is given more weight than that of an "other source." *See* SSR 06-03p (Aug. 9, 2006), *available at* 2006 WL 2329939 at *2; 20 C.F.R. § 416.927(a). "Other sources" include nurse practitioners, physician assistants, therapists, teachers, social workers, and other non-medical sources. 20 C.F.R. §§ 404.1513(d), 416.913(d). The ALJ need only provide "germane reasons" for disregarding an "other source" opinion. *Molina*, 674 F.3d at 1111. However, the ALJ is required to "consider observations by nonmedical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen,* 812 F.2d 1226, 1232 (9th Cir. 1987).

Plaintiff argues the ALJ erroneously considered the opinion of nonexamining medical expert Dr. Stephen Rubin, examining psychologist John Arnold, Ph.D., reviewing psychologist Dr. Janis Lewis, treating provider Maricela Gonzalez, LSWAIC, MSW, and treating provider Shawn Adame, MA, LMHCA, MHP, NCC.[3]  ECF No. 10 at 6-17.

---

[3] The record also includes an April 2018 consultative examination by Dr. Kayleen Islam-Zwart, conducted a month after the ALJ's March 6, 2018 decision.  Tr. 12-

First, the ALJ jointly considered the opinions of treating therapists Maricela Gonzalez and Shawn Adame. Tr. 35-36. In June 2017, treating provider Ms. Gonzalez, who worked with Plaintiff for over a year, opined that Plaintiff had marked limitations in his ability to describe an activity to someone else; ask and answer questions and provide explanations; cooperate with others; ask for help when needed; keep social interactions from excessive irritability, sensitivity, argumentativeness, or suspiciousness; work a full day without needing more than the allotted number or length of rest periods; adapt to changes; set realistic goals; and make plans for himself independent of others. Tr. 813-16.

Similarly, in November 2017, treating provider Shawn Adame opined that Plaintiff had marked limitations in his ability to sequence multi-step activities; understand and respond to social cues (physical, verbal, emotional); work at an

---

22. Dr. Islam-Zwart opined that Plaintiff's "presentation is such that he would likely have difficulty working in a regular and sustained manner at this time and his prognosis for the future is guarded." Tr. 17. The Appeals Council considered the opinion and found it "does not show a reasonable probability that it would change the outcome of the decision." Tr. 2. In light of the need to remand for reconsideration of the treating provider opinions, as discussed herein, the ALJ should weigh Dr. Islam-Zwart's opinion on remand, and provide legally sufficient reasons for evaluating the opinion, supported by substantial evidence.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

appropriate and consistent pace; complete tasks in a timely manner; ignore or avoid distractions while working; work a full day without needing more than the allotted number or length of rest periods; adapt to changes; and set realistic goals. Tr. 884-87. Mr. Adame also found extreme limitations in Plaintiff's ability to handle conflicts with others, and respond to requests, suggestions, criticism, correction, and challenges. Tr. 885. The ALJ jointly considered these opinions, and gave them little weight. Tr. 35. Plaintiff argues that the ALJ erred by rejecting all of the opinions from treating providers in favor of opinions from nonexamining psychologists. ECF No. 10 at 6-17. The Court agrees.

Here, "[i]n considering [the] rather extreme limitations given by a treating source, [the ALJ gave] greater weight to the testimony of [medical expert] Dr. Rubin, based on the mental status exams [he had] observed in this record [] including those in the Frontier Behavioral Health Records." Tr. 36. In support of this finding, the ALJ noted that Dr. Rubin "discuss[ed] that [Plaintiff] appears intelligent and able to learn jobs, is able to take care of his personal needs, goes to appointments without severe anxiety, and basically is able to function. There is no history of severe nonfunctionality, violence or assault charges, and there has been no difficulty of job turnover because of confrontation." Tr. 36. However, when explaining his reasons for rejecting medical opinion evidence, the ALJ must do more than state a conclusion; rather, the ALJ must "set forth his own interpretations and explain why they, rather than the [treating provider's], are

correct." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id*.

Here, as noted by Plaintiff, the ALJ merely summarizes a portion of the assessments made by Dr. Rubin, Ms. Gonzalez, and Mr. Adame, without offering the requisite explanation of why he relied on his own interpretation of the evidence, based almost exclusively on Dr. Rubin's testimony, as opposed to the interpretations of the treating providers. ECF No. 16 at 3 (citing Tr. 35-36). In particular, the ALJ fails to cite any findings by Dr. Rubin that specifically address the marked limitation opined by Ms. Gonzalez and Mr. Adame in Plaintiff's ability to work a full day without needing more than the allotted number of rest periods. Tr. 815, 886. Any error in the ALJ's consideration of this evidence cannot be considered harmless because, as noted by Plaintiff, the vocational expert testified that employers of unskilled workers typically would not tolerate an employee who is "unproductive and off-task at least 20% of the workday, in addition to the regularly scheduled breaks." ECF No. 10 at 5-6 (Tr. 122-23); *See Molina*, 674 F.3d at 1115 (an error is harmless only when it is "inconsequential to the [ALJ's] ultimate nondisability determination").

In addition, as noted by Plaintiff, the opinion of a non-examining physician such as medical expert Dr. Rubin, cannot by itself constitute substantial evidence that justifies the rejection of the opinions of treating providers Ms. Gonzalez and

Mr. Adame. ECF No 10 at 6-7 (citing *Lester*, 81 F.3d at 821). Here, "[i]n considering [the] rather extreme limitations given by a treating source, [the ALJ gave] greater weight to the testimony of Dr. Rubin, based on the mental status exams [the ALJ] observed in [the] record including those in the Frontier Behavioral Health records." Tr. 36. The consistency of a medical opinion with the record as a whole is a relevant factor in evaluating that medical opinion. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). However, this single conclusory statement, generally referencing a separate portion of his decision that purports to summarize mental status examinations from the longitudinal record, does not include the requisite "set[ting] forth his own interpretations and [explanation as to] why they, rather than the [treating provider's], are correct." *Reddick*, 157 F.3d at 725. Thus, to the extent that the ALJ relied on mental status examinations in the record as a reason to reject the treating providers' opinions, it was not a specific and germane reason, supported by substantial evidence. Moreover, the opinion of non-examining medical expert Dr. Rubin is not a sufficient reason, standing alone, for the ALJ to reject the opinions of treating providers Ms. Gonzalez and Mr. Adame.

       Finally, the ALJ noted that medical expert "Dr. Rubin admitted his impression of the overall record is very different from [Ms. Gonzalez and Mr. Adame], and he testified he was not sure these conclusions were supported, and certainly, were not based on a full evaluation." Tr. 36. An ALJ may discount an

opinion that is conclusory, brief, and unsupported by the record as a whole, or by objective medical findings. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). However, as noted by Plaintiff, Dr. Rubin did not consider that the limitations opined by Ms. Gonzalez and Mr. Adame were "generally consistent with the findings of" examining psychologist Dr. John Arnold, who did conduct a full evaluation, and agency reviewing psychologist Dr. Janis Lewis. *See* Tr. 820, 824 (both assessing marked limitations in Plaintiff's ability to (1) complete a normal workday and workweek without interruptions from psychologically based symptoms, and (2) perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision). Moreover, while Dr. Rubin "acknowledged the differences of opinions between himself and those of the treating providers," he also testified as follows:

> DR. RUBIN: it's hard to in any sense contradict some of the people who have filled out these forms because I haven't seen him. It's almost ludicrous in the full sense of what's important to do this and I apologize for that. . . .
>
> ATTORNEY: Okay. And Dr. Rubin, you, you stated that the opinions of the people who have seen him and had this therapeutic relationship with him on an ongoing basis are, are somewhat different from your own opinion from a review of the record today. Is that correct?
>
> DR. RUBIN: Correct. I, I love the guy. I wish I could talk to them and say what are they seeing that I'm not seeing. Or I'd like to see more supportive – maybe a full psychological would support this.
>
> ATTORNEY: Yeah.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

> DR. RUBIN: He hasn't had that for quite some time and that's not the same. It's just not one of these things but really some of them they'll explore his functioning, his interaction with others, his history. Maybe a full psychological would give us more information.
>
> ATTORNEY: So do you think that it would be appropriate then perhaps for the Court to order a comprehensive psychological evaluation?
>
> DR. RUBIN: I think it would be helpful because I certainly don't understand this case as well as people that have seen him and I wish there was more evidence supporting his claim. So that might be very beneficial to the Court.

Tr. 111, 113-14.

Plaintiff argues that Dr. Rubin's testimony that he was "not sure" if the treating provider's opinions were supported is not a valid reason, supported by substantial evidence, to reject the treating opinions.[4] ECF No. 10 at 16. The Court agrees. Dr. Rubin repeatedly concedes that he does not know as much about Plaintiff's case as the treating providers; and despite the ALJ's findings to the

---

[4] Plaintiff also argues that "the ALJ erred by adopting Dr. Rubin's opinions when Dr. Rubin himself acknowledged that he has never met [Plaintiff] and 'didn't understand' the case, so an additional psychological exam was needed to adequately assess the evidence." ECF No. 10 at11 (citing *Reed v. Massanari*, 270 F.3d 838, 842 (9th Cir. 2001) (consultative examination is "normally require[d]" in cases involving an "ambiguity or insufficiency in the evidence [that] must be resolved")). However, it is unnecessary for the Court to reach this issue in light of the need to remand for reconsideration of the medical opinion evidence.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 16

contrary, the Court's plain reading of his testimony indicates that Dr. Rubin did not specifically reject the treating providers' opinions because they "were not based on a full evaluation." *See* Tr. 36, 113-14. Rather, Dr. Rubin indicates that a full psychological evaluation would be "helpful" and "beneficial to the Court." Tr. 114.

It is the responsibility of the ALJ to consider equivocal testimony of a medical expert along with other evidence and medical opinions in reaching a conclusion. *See Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989); *see also Tonapetyan v. Halter*, 242 F.3d 1144, 1150-51 (9th Cir. 2001) (ALJ relied heavily on medical expert testimony and was therefore not free to ignore the medical expert's equivocal testimony, and the expert's "specific recommendation that a more detailed report" should be obtained). Here, the ALJ fails to consider the entirety of Dr. Rubin's testimony; thus, the Court finds it does not rise to the level of substantial evidence to support the rejection of the treating providers' opinions based on a purported lack of support for their conclusions.

For all of these reasons, the ALJ's rejection of Ms. Gonzalez and Mr. Adame's treating opinions was not supported by substantial evidence, and the opinions must be reconsidered on remand.

### B. Additional Assignments of Error

Plaintiff also challenges the ALJ's consideration of medical opinion evidence from examining psychologist Dr. John Arnold and reviewing

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 17

psychologist Dr. Janis Lewis. ECF No. 10 at 12-15 (citing Tr. 818-25). In light of the need to reconsider the treating opinions, and the ALJ's failure to evaluate the entirety of the medical expert testimony, as discussed above, these opinions should be reconsidered on remand. Additionally, as noted by Plaintiff, on remand the ALJ should consider the April 2018 consultative examination conducted by Dr. Kayleen Islam-Zwart after the ALJ issued his decision. ECF No. 10 at 17. Finally, Plaintiff challenged the ALJ's consideration of lay witness statements by Michelle Watts, Plaintiff's niece, and Lisa Phillips, Plaintiff's sister. ECF No. 10 at 17-19; Tr. 316-27, 453-55. Because the analysis of this question is dependent on the ALJ's evaluation of the medical evidence, which the ALJ is instructed to reconsider on remand, the Court declines to address this challenge here. On remand, the ALJ is instructed to conduct a new sequential analysis after reconsidering the medical opinion evidence.

**REMEDY**

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280

(9th Cir. 1990); *see also Garrison v. Colvin*, 759 F.3d 995, 1021 (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

The Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). Here, the ALJ improperly considered the medical opinion evidence, which calls into question whether the assessed RFC, and resulting hypothetical propounded to the vocational expert, are supported by substantial evidence. "Where," as here, "there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler*, 775 F.3d at 1101. Instead, the Court remands this case for further proceedings.

On remand, the ALJ should reconsider the medical opinion evidence, and provide legally sufficient reasons for evaluating the opinions, supported by

substantial evidence. If necessary, the ALJ should order additional consultative examinations and, if appropriate, take additional testimony from a medical expert. Finally, the ALJ should reconsider the remaining steps in the sequential analysis, including the lay witness statements, reassess Plaintiff's RFC and, if necessary, take additional testimony from a vocational expert which includes all of the limitations credited by the ALJ.

**ACCORDINGLY, IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 10**, is **GRANTED**, and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

2. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **DENIED**.

3. Application for attorney fees may be filed by separate motion.

The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** February 14, 2020.

                                        *s/ Rosanna Malouf Peterson*
                                  ROSANNA MALOUF PETERSON
                                     United States District Judge